**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 25-4178**

—————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CHADIEZ WHITE,

        Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:24-cr-00282-D-RN-1)

—————————

Submitted:  July 23, 2026                          Decided:  July 27, 2026

—————————

Before WYNN and HARRIS, Circuit Judges, and FLOYD, Senior Circuit Judge.

—————————

Affirmed by unpublished per curiam opinion.

—————————

**ON BRIEF:**  Helen C. Smith, Apex, North Carolina, for Appellant.  Lucy Partain Brown, Assistant United States Attorney, Katherine Simpson Englander, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chadiez White pled guilty without a plea agreement to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8). The district court sentenced White within his advisory Sentencing Guidelines range to 130 months' imprisonment, followed by three years of supervised release. On appeal, White's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether White's sentence is procedurally reasonable, particularly whether the court adequately considered White's youthfulness when assessing the appropriate impact of his criminal history on his sentence. Although informed of his right to file a pro se supplemental brief, White has not done so. The Government has elected not to file a response brief. We affirm.

We review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). In conducting this review, we must first ensure that the sentence is procedurally reasonable, "consider[ing] whether the district court properly calculated the defendant's advisory [G]uidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence." *Id.* (internal quotation marks omitted). If "the district court has not committed procedural error," we then assess the substantive reasonableness of the sentence. *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020). Substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing

2

court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (internal quotation marks omitted). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

We have reviewed the record and conclude that White's sentence is procedurally reasonable. The district court correctly calculated White's advisory Guidelines range, heard argument from the parties, provided White an opportunity to allocute, considered the § 3553(a) sentencing factors, and explained its reasons for imposing the chosen sentence. Contrary to *Anders* counsel's suggestion, the court acknowledged the arguments regarding White's youthfulness and brain development but rejected them as grounds for a departure or variance. However, it noted that it would still consider these arguments in fashioning White's sentence and balanced them against other aggravating factors. Furthermore, White's within-Guidelines-range sentence is presumptively substantively reasonable, and nothing apparent in the record rebuts that presumption.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform White, in writing, of the right to petition the Supreme Court of the United States for further review. If White requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move

3

in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on White.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*